J-S13004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BERNARD HILL | : | |
| | : | |
| Appellant | : | No. 1035 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 11, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011031-2016

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 13, 2021**

Appellant, Bernard Hill, appeals from the February 11, 2020 judgment of sentence that imposed 3 to 23 months' incarceration, followed consecutively by 12 months' probation, following the revocation of his probation.  The trial court, upon sentencing Appellant, immediately paroled him to house arrest.  Appellant's attorney, Assistant Public Defender Karl L. Morgan, Esquire ("Attorney Morgan") filed an ***Anders*** brief[1] and a petition to withdraw.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***see also Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

The trial court summarized the procedural history as follows:

On March [2]3, 2017, Appellant [pleaded] guilty to burglary[2] and was sentenced to 4 years['] reporting probation. On March 5, 2018[,] Appellant was found in violation of probation for numerous positive drug tests for opiates and benzodiazepines. His previous probation was revoked[,] and he was sentenced to a new term of 4 years['] reporting probation with a drug evaluation from the street. Any positive drug screens would lead to an immediate detainer. On June 27, 2019[,] Appellant was arrested and charged with burglary[,] conspiracy[,] simple assault[,] recklessly endangering another person[,] theft[,] and receiving stolen property [at trial court docket number] CP-51-CR-0004985-2019[.] On December 3, 2019[,] Appellant appeared for a detainer hearing[,] and [the trial] court lifted the detainer with house arrest as a condition. []Appellant was [] allowed to [leave his house for] work, with verifiable hours and was also permitted to leave his house for [eight] hours on Christmas Day 2019 to be with family. On January 28, 2020[,] the [charges at trial court docket number] CP-51-CR-0004985-2019[] were *nolle prossed* when the complaining witness failed to appear. On February 11, 2020[,] at his violation of probation hearing, [Appellant] was sentenced to 3 [to] 23 months[' incarceration] plus [12 months'] probation with immediate release to house arrest.

---

[2] The record demonstrates that the trial court sentenced Appellant for a conviction of burglary of an overnight accommodation with a person present under 18 Pa.C.S.A. § 3502(a)(1). Order of Sentence, 2/11/20. A review of Appellant's written guilty plea colloquy reveals that Appellant pleaded guilty to burglary of an overnight accommodation without a person present under 18 Pa.C.S.A. § 3502(a)(2). Written Guilty Plea Colloquy, 3/23/17, at 1. The affidavit of probable cause details that the burglary occurred in a dwelling adapted for overnight accommodation but that the complainant was not present at the time of the incident. Affidavit of Probable Cause, 6/15/16. The trial court's citation to burglary of an overnight accommodation with the complainant present appears to be a clerical error. Both Section 3502(a)(1) (person present) and Section 3502(a)(2) (person not present), however, are graded as first-degree felonies and, therefore, are subject to the same sentencing guidelines.

Trial Court Opinion, 12/31/20, at 1-2 (extraneous capitalization and references to exhibits omitted).

On February 24, 2020, Appellant filed an untimely post-sentence motion to reconsider his revocation sentence.[3]  Appellant filed a notice of appeal on March 12, 2020.[4]  On June 11, 2020, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days.  Appellant filed his Rule 1925(b) statement on September 18, 2020.[5]  The trial court subsequently filed its Rule 1925(a) opinion on December 31, 2020.  On February 12, 2021, Attorney Morgan filed an **Anders** brief and a petition to withdraw as Appellant's counsel.

_____

[3] "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition."  Pa.R.Crim.P. 708(E).  Here, Appellant was sentenced on February 11, 2020, and 10 days thereafter would have been February 21, 2020.  Appellant's motion to reconsider his revocation sentence was not filed until February 24, 2020.

[4] The filing of a motion to reconsider a sentence after a revocation does not toll the 30-day appeal period. Pa.R.Crim.P. 708(E).  "Any appeal must be filed within the 30-day appeal period unless the [trial court] within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence."  **Id.** at Official Comment.  The trial court is divested of jurisdiction to dispose of a motion for reconsideration if a notice of appeal is timely filed or upon expiration of the 30-day period in which to file an appeal. **Commonwealth v. Swope**, 123 A.3d 333, 337 n.16 (Pa. Super. 2015). Here, even if the trial court accepted Appellant's motion for reconsideration of sentence as timely filed, the trial court was divested of jurisdiction to dispose of Appellant's motion to reconsider his sentence upon the filing of an appeal on March 12, 2020.

[5] On January 28, 2021, the trial court accepted Appellant's *Nunc Pro Tunc* Rule 1925(b) statement as having been timely filed.  Trial Court Order, 1/28/21.

Preliminarily, we address Attorney Morgan's petition to withdraw and the accompanying *Anders* brief, both alleging this appeal is frivolous.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). To withdraw pursuant to *Anders*, "counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)." *Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa. Super. 2014) (parallel citation omitted). Specifically, counsel's *Anders* brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the *Anders* brief to his[, or her,] client." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). The brief

- 4 -

must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Id.** "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation and internal quotation marks omitted).

Instantly, Attorney Morgan satisfied the technical requirements of **Anders** and **Santiago**. In his **Anders** brief, counsel identified the pertinent factual and procedural history and made citation to the record. Counsel raises a claim challenging the sufficiency of the evidence to support Appellant's violation of probation and a claim that Appellant's revocation sentence was illegal. Counsel notes that these claims could arguably support an appeal but, ultimately, counsel concludes the appeal is frivolous. Counsel also attached to his petition to withdraw a letter to Appellant that fulfills the notice requirements of **Millisock**. Appellant has not filed a response to counsel's letter, the **Anders** brief, or the petition to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine whether the appeal is wholly frivolous.

In his **Anders** brief, counsel raises the following issues on Appellant's behalf:

> 1.    Was there sufficient evidence to support the finding that [Appellant] was in violation of his probation?
>
> 2.    Was [Appellant's revocation] sentence illegal?

*Anders* Brief at 3.

> In reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence.

*Commonwealth v. Starr*, 234 A.3d 755, 759 (Pa. Super. 2020) (citation and quotation marks omitted), *appeal denied*, 243 A.3d 724 (Pa. 2020). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007), *appeal denied*, 945 A.2d 169 (Pa. 2008).

In his first issue, Appellant challenges the validity of the revocation proceedings and whether the Commonwealth established, by a preponderance of the evidence, that Appellant violated his probation. *Anders* Brief at 8-11.

A challenge to the sufficiency of the evidence is

> a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

*Perreault*, 930 A.2d at 558. For a trial court to find an individual in violation of probation, the trial court "must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime[.]" *Commonwealth v. Foster*, 214 A.3d 1240, 1243, 1250 (Pa. 2019) (stating, "a [trial] court may find a defendant in violation of probation only if the defendant [] violated one of the 'specific conditions' of probation included in the probation order or [] committed a new crime").

Here, a review of the record demonstrates that, pursuant to the March 5, 2018 violation of probation sentencing order, Appellant, in addition to being sentenced to 4 years' supervised probation, was required to submit to drug screens. Trial Court Order VOP, 3/5/18. If Appellant tested positive for drug use, then an immediate detainer would be lodged. *Id.* On June 27, 2019, Appellant was arrested and charged with the aforementioned criminal offenses at trial court docket CP-51-CR-0004985-2019 and, as a result, a bench warrant for Appellant was issued on the ground Appellant violated his probation. On July 10, 2019, a *Gagnon I* hearing[6] was held, at which point, the bench warrant was lifted, and a detainer was issued, which was to remain

---

[6] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *see also Commonwealth v. Ferguson*, 761 A.2d 613 (Pa. Super. 2000) (explaining that, when a parolee or probationer is detained pending a revocation hearing, due process requires a determination at the pre-revocation hearing (*Gagnon I* hearing) of probable cause to believe a violation was committed, and upon finding of probable cause, a second, more comprehensive hearing (*Gagnon II* hearing) follows before the trial court makes its final revocation decision).

pending until Appellant's *Gagnon II* hearing. *Gagnon I* Hearing Disposition, 7/10/19. At the *Gagnon I* hearing, the trial court found that probable cause existed that Appellant violated his probation as a result of his pending criminal charges. *Id.* On July 16, 2019, Appellant's *Gagnon II* hearing was continued indefinitely pending the resolution of those criminal charges filed at trial court docket CP-51-CR-0004985-2019. At a December 3, 2019 detainer hearing, the trial court lifted the detainer and subjected Appellant to house arrest, with limited release for work and for Christmas Day. On January 28, 2020, Appellant's charges at trial court docket CP-51-CR-0004985-2019 were *nolle prossed*.[7] On February 11, 2020, the trial court held a *Gagnon II* hearing whereupon the trial court found,

> [Appellant] in violation of [his] probation [order] for absconding [from house arrest]. I'm finding him in technical violation of [the trial court's] supervision. I'm revoking his probation. . . . [Appellant's conduct amounts to] technical violation[s of his probation] for absconding from house arrest **and using drugs**.

N.T., 2/11/20, at 15-16 (emphasis added). In its Rule 1925(a) opinion, the trial court further explained,

---

[7]     A *nolle prosequi* is a voluntary withdrawal by a prosecuting attorney of proceedings on a particular criminal bill or information, which at any time in the future can be lifted upon appropriate motion in order to permit a revival of the original criminal bill or information. Since a *nolle prosequi* acts neither as an acquittal nor a conviction, double jeopardy does not attach to the original criminal bill or information.

*Commonwealth v. Banks*, 198 A.3d 391, 403 (Pa. Super. 2018).

The allegation that [] Appellant's house arrest should have been vacated when his [charges at trial court docket CP-51-CR-0004985-2019 were *nolle prossed*,] hence he would not have violated house arrest, is without legal basis and factually incorrect. The first violation of house arrest occurred on January 27, 2020[,] one day before his [case at trial court docket CP-51-CR-0004985-2019 was] *nolle prossed*. **Appellant] also tested positive for cocaine on January 6[, 2020,] and [on] January 28, 2020.** [] Appellant did appear before the [trial] court on January 28, 2020[,] and informed [the trial] court he was absconding from house arrest. In an effort to help [] Appellant, [the trial] court reached out to his probation officer and reinstated Appellant to house arrest instead of taking him into custody. [] Appellant was even given a new violation of [probation] hearing date of February 11, 2020. After he was reinstated to house arrest on January 28, 2020[,] Appellant absconded again on February 7, 2020[], and was in absconding status until he appeared before [the trial] court on [February 11], 2020.

Trial Court Opinion, 12/31/20, at 3 (record citations and extraneous capitalization omitted, emphasis added).

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, there is sufficient evidence to prove by a preponderance of the evidence that Appellant violated a specific condition of his probation. At the *Gagnon II* hearing, a probation officer testified that Appellant tested positive for cocaine on January 6, 2020, and again on January 28, 2020. N.T., 2/11/20, at 7. A specific condition of Appellant's probation was that he would refrain from drug use. Trial Court Order VOP, 3/5/18. Therefore, there was

sufficient evidence to support the trial court's finding that Appellant violated his probation.[8]

In his second issue, Appellant challenges the legality of his revocation sentence, for which our standard of review is well-settled. "The issue of whether a sentence is illegal is a question of law and our scope of review is plenary." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010).

> Subsequent to revocation of probation, the [trial] court has available to it all the options permissible at the time of initial sentencing, giving due consideration "to the time spent serving the order of probation." 42 Pa.C.S.[A.] § 9771(b). As long as the new sentence imposed does not exceed the statutory maximum when factoring in the incarcerated time already served, the sentence is not illegal.

***Crump***, 995 A.2d at 1285. "Additionally, Section 9754 of the Sentencing Code only mandates that a [trial] court keep a term of probation under the maximum term a defendant could be confined." ***Id.*** at 1284; ***see also*** 42 Pa.C.S.A. § 9754(a) (stating, "[i]n imposing an order of probation the [trial] court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the

---

[8] Moreover, Appellant's sentence of 4 years' probation was to be supervised by the Philadelphia County Adult Probation and Parole Department. Trial Court Order VOP, 3/5/18. When Appellant absconded on January 27, 2020, and again on February 7, 2020, Appellant was not supervised by the necessary party and was in violation of his probation.

maximum term for which the defendant could be confined, and the authority that shall conduct the supervision").

Here, Appellant was convicted of burglary, which is a first-degree felony. As such, the trial court could have sentenced Appellant to a term of imprisonment of not more than 20 years. 18 Pa.C.S.A. § 1103(1). Therefore, Appellant's sentence of 3 to 23 months' incarceration to be followed by 12 months' probation with immediate release to house arrest is not illegal.

Upon review of the record, we conclude that it supports Attorney Morgan's assessment that Appellant's appeal is wholly frivolous. Moreover, our independent review of the entire record reveals no additional, non-frivolous claims. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/2021

- 11 -